IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL J. WAUGH,                    )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )        Case Number CIV-11-1419-C
                                     )
JUSTIN M. DOW, et al.                )
                                     )
                    Defendants.      )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brought this action pursuant to 42 U.S.C. § 1983 alleging several violations of his constitutional rights, as well as state law claims. This matter was referred to Magistrate Judge Charles B. Goodwin for preparation of a Report and Recommendation ("R&R"). Judge Goodwin has filed an R&R resolving the pending motions. Defendants Justin and Joshua Dow[1] timely objected to the R&R. Plaintiff filed a Response and Defendants filed individual Replies. The Court will review the issues de novo.

Judge Goodwin presents a thorough recitation of the facts and the law in his R&R and it is unnecessary to repeat those matters here. However, to address the objections raised, a brief recitation of the relevant facts is necessary.

In June 2010 an arrest warrant was issued for Plaintiff. In August of 2010, Plaintiff was found at a convenience store by two recovery agents[2] who were private citizens hired

---

[1] Justin and Joshua Dow are brothers. For clarity, throughout this Order, Justin will be referred to as Deputy Dow.

[2] These agents are Defendants Pettigrew and Belcher.

by the bail bond company. The recovery agents attempted to detain Plaintiff and a struggle ensued from which Plaintiff fled on foot. The recovery agents then called the Major County Sheriff's Department requesting assistance. Deputy Phillips responded to that call. Deputy Phillips requested additional assistance, a request that was responded to by Deputy Dow. At the time he responded to the call, Deputy Dow was off-duty and was driving in his personal vehicle with his brother, Defendant Joshua Dow. After receiving the call and agreeing to assist, Deputy Dow headed in the direction where Plaintiff was last seen. After learning from some local residents that Plaintiff had been seen entering a wooded area, Deputy Dow gave his brother, Joshua Dow, his backup weapon and a badge, instructing him to enter the woods to try to locate Plaintiff. While Joshua Dow was doing this, Deputy Dow would then drive to the other side of the woods and set up a perimeter. After entering the woods, Joshua Dow eventually located Plaintiff. Joshua Dow then shot Plaintiff in the leg, injuring him.

As noted above, Plaintiff filed various constitutional and state law based tort claims arising from the shooting. Judge Goodwin has thoroughly discussed the applicable law surrounding Plaintiff's claims against Deputy Dow. The Court adopts the resolution of those claims.

Deputy Justin Dow

In his Objection to the R&R, Defendant Deputy Dow argues Judge Goodwin applied an incorrect legal standard in determining whether Deputy Dow's actions shocked the conscience. The Court disagrees. The cases cited by Deputy Dow dealt with the need to make a split second decision during a high speed chase. Here, while there is some dispute

regarding the amount of time, it is apparent that Deputy Dow had time for "actual deliberation." Green v. Post, 574 F.3d 1294, 1301 (10th Cir. 2009). Thus, the proper standard evaluates whether Deputy Dow's conduct was "conscience shocking" by examining whether Deputy Dow showed a "deliberate indifference to an extreme risk of very serious harm to the plaintiff." Id. at 1303. While Deputy Dow has offered evidence demonstrating that was not his intent, given the facts surrounding Deputy Dow's actions, a reasonable jury could determine that Deputy Dow held the required deliberate indifference. Deputy Dow argues the evidence cannot support a conclusion that the weapon was given to Joshua Dow for the purpose of injuring Plaintiff. However, considering the facts in the light most favorable to Plaintiff, a reasonable jury could find that Deputy Dow's actions were deliberately indifferent. It is not a large leap of logic to find that arming a private citizen and sending him into a wooded area in search of a fugitive creates a extreme risk of serious harm. The Court agrees that Deputy Dow's conduct was conscience shocking.

Deputy Dow argues that, given the nature of his actions and Judge Goodwin's recognition that the case is a "close call," he should be granted qualified immunity. After consideration of Deputy Dow's arguments and Judge Goodwin's analysis, the Court agrees that Deputy Dow is not entitled to qualified immunity. As Judge Goodwin recognizes, Deputy Dow defines the issues too narrowly. The applicable law was clearly established well before the acts at issue and those acts violated the clearly established law. Deputy Dow is not entitled to qualified immunity.

Finally, the Court adopts Judge Goodwin's recommendation of summary judgment on Plaintiff's state law based claims.

Joshua Dow

Plaintiff also raised § 1983 claims against Defendant Joshua Dow related to the shooting. As Magistrate Judge Shon Erwin noted in an earlier R&R, in order to bring these claims, Plaintiff is obligated to offer evidence from which a reasonable jury could find that Joshua Dow was a state actor. Judge Goodwin determined that the proper analytical framework for Joshua Dow's role as a state actor was the "joint action test." Under that test,

> state action is . . . present if a private party is a willful participant in joint action with the State or its agents. When applying this analysis, courts generally examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. Most decisions discussing this concept hold that if there is a substantial degree of cooperative action between state and private officials, or if there is "overt and significant state participation" in carrying out the deprivation of the plaintiff's constitutional rights, state action is present.

Johnson v. Rodriques, 293 F.3d 1196, 1205 (10th Cir. 2002) (internal quotation marks and citations omitted). Defendant Joshua Dow argues that Judge Goodwin improperly advocated for Plaintiff in creating the argument that he is a state actor. After considering the underlying documents, the Court finds Judge Goodwin properly gave Plaintiff's pleadings a liberal construction consistent with his pro se status.

In applying the arguments and evidence presented by the parties, the Court finds there is evidence from which a trier of fact could conclude that Deputy Dow and Joshua Dow reached an agreement to deprive Plaintiff of his constitutional right by engaging in their

4

course of action. Regarding Deputy Dow's decision to give Joshua Dow his badge and gun and directing him to assist in locating Plaintiff, a reasonable jury could find that these acts led directly to Joshua Dow's improper seizure of Plaintiff.[3] It is not necessary that the Defendants foresaw the exact nature of the potential deprivation of constitutional rights in order to satisfy the joint action test. See Snell v. Tunnell, 920 F.2d 673, 701 (10th Cir. 1990). There must only be some evidence supporting an agreement to act in a manner that led to the result. Under the facts of this case, a reasonable jury could find Deputy Dow could reasonably anticipate his brother using the weapon he gave him. Accordingly, the Court finds that Joshua Dow was a state actor at the time he shot Plaintiff.

Defendant Joshua Dow argues that even if he is found to be a state actor, he cannot be liable as the amount of force used was reasonable. Judge Goodwin properly analyzed the applicable law and determined that questions of fact remain regarding what a reasonable officer in Defendant Joshua Dow's position would have understood to be an appropriate level of force. The Court adopts those recommendations.

Defendant Joshua Dow argues that Judge Goodwin erred in finding Plaintiff had pleaded a state law claim against him. Again Defendant Joshua Dow reads Plaintiff's Complaint too narrowly. Count I of the Complaint asserts claims for Fourteenth Amendment, malicious arrest with deadly weapon, assault and battery, and due process

---

[3] Defendant Joshua Dow argues that Plaintiff's allegations must be read to treat his seizure as separate from the shooting. The Court finds Defendant Joshua Dow's reasoning overly narrow. Plaintiff's writing is certainly not as clear as it could be, but it is reasonable to read his allegations as treating the shooting as, at a minimum, a component of the seizure.

violations. The continuation of the listing of facts in support asserts that "Joshua Dow eventually shot the plaintiff (Michael Waugh) in the leg." Dkt No. 1, p. 6. Read liberally, this assertion is sufficient to put Defendant Joshua Dow on notice that Plaintiff is bringing state law claims for assault, battery, and false arrest/imprisonment.

Remaining Defendants

Judge Goodwin recommended dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A of Plaintiff's claims against Defendant Leatherman. Judge Goodwin also recommended that Plaintiff be granted default judgment against Defendants Pettigrew and Belcher. No objections have been raised to these recommendations and the Court adopts them.

## CONCLUSION

As set forth more fully herein, the Court ADOPTS the Report and Recommendation (Dkt. No. 68) of Judge Charles B. Goodwin. Defendant Justin Dow's Motion for Summary Judgment (Dkt. No. 51) is GRANTED in part and DENIED in part. Summary judgment is granted in Defendant Justin Dow's favor on Plaintiff's Fourth Amendment and state law claims, but denied on Plaintiff's Fourteenth Amendment substantive due process claim. Defendant Joshua Dow's Motion for Summary Judgment (Dkt. No. 52) is also GRANTED in part and DENIED in part. With respect to Plaintiff's 42 U.S.C. § 1983 claims, summary judgment is entered in Joshua Dow's favor on Plaintiff's Fourth Amendment "warrantless arrest" claim and Fourteenth Amendment substantive due process claim, but denied on Plaintiff's Fourth Amendment excessive force claim. Plaintiff's state law claims of assault,

battery, and false imprisonment/arrest remain pending against Joshua Dow. Plaintiff's Motion for Default Judgment (Dkt. No. 54) is GRANTED in part and DENIED in part. Default Judgment is entered against Defendants Pettigrew and Belcher, but not against Defendant Leatherman. All claims against Defendant Leatherman are dismissed with prejudice for failure to state a claim upon which relief can be granted, see 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

This matter is referred back to Magistrate Judge Goodwin for completion of discovery and any other pretrial proceedings.

IT IS SO ORDERED this 20th day of June, 2014.

ROBIN J. CAUTHRON
United States District Judge