IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| MICHAEL J. WAUGH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-1419-C |
| STATE OF OKLAHOMA, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff seeks entry of default judgment awarding damages against Defendants Robert Pettigrew and Michael Belcher following the Court granting Plaintiff's Motion for Default Judgment on June 6, 2014. (Dkt. Nos. 54, 83.) Although the Court's file shows Plaintiff has properly served both Defendants, and the time to answer the summons has long since passed, Defendants have failed to answer or otherwise respond to this matter. Accordingly, Plaintiff is entitled to Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

The Court will accept a plaintiff's well-pleaded factual allegations in a complaint as true, "except those relating to damages." DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (citation omitted). Although the factual allegations against a defendant are deemed conceded, the default judgment does not force a defendant "to concede liability for the amount of damages that a plaintiff has claimed." Id. (citation and internal quotation marks omitted).

The factual allegations against Defendants Pettigrew and Belcher are as follows:[*] On August 28, 2010, Plaintiff was at a Jiffy Trip convenience store in Cleo Springs, Oklahoma, when Defendants Pettigrew and Belcher entered. Defendants were fugitive recovery agents hired by a bail bondsman company to apprehend Plaintiff. Both Defendants wore silver badges and carried handcuffs. Defendants attempted to restrain Plaintiff, but he resisted and escaped, fleeing from the Jiffy Trip on foot. Defendant Pettigrew fired a Taser shot at Plaintiff while he ran, but did not hit him.

Defendant Pettigrew called the Major County Sheriff's Department for assistance and Deputy Phillips responded to the Jiffy Trip. Defendants Pettigrew and Belcher began searching for Plaintiff with their vehicle while Phillips searched along the highway. A manhunt ensued and Justin Dow came to Deputy Phillips' assistance. Dow was an off-duty Reserve Deputy Sheriff and he invited his brother, Joshua Dow, to join the search, giving him a gun and badge. Joshua Dow was not employed by the Major County Sheriff's Department as either a Deputy or Reserve Deputy Sheriff.

Nearly one and one-half hours after Defendants Pettigrew and Belcher found Plaintiff at the Jiffy Trip, Plaintiff reached a creek or river, where Joshua Dow, Defendant Pettigrew, and Defendant Belcher were yelling for him to stop. Plaintiff states the men did not identify themselves. Plaintiff responded that he was not going to stop running away.

---

[*] The Report and Recommendation relies upon evidence set forth in the Complaint (Dkt. No. 1), a Special Report prepared by the Major County Sheriff's Office (Dkt. No. 25), Defendant Justin Dow's Motion for Summary Judgment (Dkt. No. 51), Defendant Joshua Dow's Motion for Summary Judgment (Dkt. No. 52), and Plaintiff's Response (Dkt. No. 60). Plaintiff did not object to the statement of facts contained in the Report and Recommendation, so the Court will rely on its more complete version rather than the Complaint alone.

Joshua Dow said, "Stop, or I will shoot" and Defendant Pettigrew yelled, "Shoot him, shoot him." Joshua Dow fired two or three shots, hitting Plaintiff in his right femur.

Plaintiff makes claims of Fourteenth Amendment violations, malicious arrest with deadly weapon, assault and battery, due process violations, Fourth Amendment violations, excessive force, and warrantless arrest. (Compl., Dkt. No. 1, pp. 5-6.) The Court previously construed these claims as: "Fourth Amendment claims of excessive force and lack of probable cause to effect a warrantless arrest; a Fourteenth Amendment claim of violation of Plaintiff's substantive due process rights; and Oklahoma state-law claims for assault, battery, and false arrest/imprisonment." (R. & R., Dkt. No. 68, p. 3.)

Plaintiff requests an award of damages totaling $404,617.85: $4,617.85 in past medical expenses, $200,000.00 for pain and suffering, and $200,000.00 in punitive damages. Plaintiff states a Rule 55 hearing on damages is not necessary "as he would simply testify to the facts in the attached declaration." (Pl.'s Mot. for Default J., Dkt. No. 160, p. 5.) The Court will evaluate whether it requires a hearing and what damages will be allowed. See Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (stating "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation" (citation omitted)).

In support of medical expense damages, Plaintiff offers the amount, medical provider, and date he was billed. To obtain default judgment, Plaintiff must show the amount is reasonable under the circumstances. See Wethington v. Swainson, No. CIV-14-899-D, 2017 WL 1366068, at *1 (W.D. Okla. Apr. 12, 2017) (citing Mathiason v. Aquinas Home Health Care, Inc., 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016)). The

Court will hold a hearing to ask Plaintiff to demonstrate the requested reward is reasonable in light of all circumstances, including the settlement amount already received from other Defendants. E.g., United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1235 (10th Cir. 2000) (stating awards of duplicative damages by a jury should be reduced by the court).

Plaintiff will be permitted to submit further evidence regarding pain and suffering damages, if he so chooses. The Court notes pain and suffering damages "are not susceptible to proof by a specific dollar amount, and accordingly, the [trier of fact] has wide discretion in rendering a particular amount." Woolard v. JLG Indus., Inc., 210 F.3d 1158, 1174 (10th Cir. 2000) (citation omitted). Additionally, Plaintiff will also be permitted to submit further evidence regarding punitive damages, if he so chooses.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment as to Defendants Robert Pettigrew and Michael Belcher (Dkt. No. 160) is GRANTED. The amount of damages awarded to Plaintiff will be determined after a hearing on damages scheduled for Wednesday, July 5, 2017, at 10:30 a.m.

IT IS SO ORDERED this 9th day of June, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge